UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JUDITH B. REED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-498 |
| | ) | (VARLAN/SHIRLEY) |
| TENNESSEE STATE BANCSHARES, INC., | ) | |
| and TENNESSEE STATE BANK | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This civil action is before the Court on plaintiff's Motion to Strike Unsworn Declarations [Doc. 25], in which plaintiff requests that the Court strike the declarations of J. Scott Gibson and Tammie Sutton, [Doc. 18, Att. 3-4], submitted by defendants in support of their Motion for Summary Judgment [Doc. 18]. In support of this motion, plaintiff argues that these two declarations are neither affidavits nor do they comport with the requirements of 28 U.S.C. § 1746, and therefore must be excluded from consideration by the Court in resolving the pending motion for summary judgment. No response or opposition to the pending motion has been filed and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2.

The Sixth Circuit has stated that "[a]n unsworn affidavit cannot be used to support or oppose a motion for summary judgment." *Pollack v. Pollack*, 154 F.3d 601, 612 n. 20 (6th Cir. 1998). However, under 28 U.S.C. § 1746, an exception is created to this rule that permits courts to rely upon unsworn, signed declarations in deciding motions for summary

judgment if the declaration is: (1) in writing, (2) dated, and (3) verifies that its contents are "true under penalty of perjury." 28 U.S.C. § 1746; *Pollock*, 154 F.3d at 612 n. 20.  Here, the declarations of Mr. Gibson and Ms. Scott are not affidavits, but could potentially have the same force and effect as an affidavit and be considered by the Court if the above requirements of 28 U.S.C. § 1746 are met.  *Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local 24*, 357 F.3d 546, 557, n. 1 (6th Cir. 2004).  However, they both fail to quality as unsworn declarations because the phrase "under penalty of perjury" is absent from both documents.  28 U.S.C. § 1746; *Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994) ("Unsworn declarations are permitted to be used as evidence only if 'subscribed...as true under penalty of perjury....'") (quoting 28 U.S.C. § 1746).  Given the explicit language of the statute, these technically deficient declarations cannot be considered by the Court. *See Hogan v. Rent-A-Center, Inc.*, 228 F. Supp. 2d 802, 806 n. 8 (S.D. Ohio 2002) ("[s]ince the document....is neither an affidavit nor a declaration, the Court cannot consider it in ruling upon the motions for summary judgment.").

Accordingly, plaintiff's Motion to Strike Unsworn Declarations [Doc. 25] is hereby **GRANTED**.  The clerk of the Court is **DIRECTED** to withdraw the Declaration of J. Scott Gibson [Doc. 18, Att. 3] and the Declaration of Tammie Sutton [Doc. 18, Att. 4] from the record.

    IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE