UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JUDITH B. REED, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:05-CV-498 |
| | : | |
| vs. | : | |
| | : | Varlan / Shirley |
| TENNESSEE STATE BANCSHARES, INC., | : | |
| and TENNESSEE STATE BANK, | : | |
| | : | |
| Defendant. | : | |

_____

## SUPPLEMENTAL RESPONSE TO THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff, by and through counsel, in supplement to the heretofore filed Plaintiff's Response to Defendants Motion fo Summary Judgment, submits the following:

The Defendant would have the Court believe that the Plaintiff was terminated for performance issues and as part of an alteration to the Bank's then existing structure. Their argument in support of the Defendants Motion for Summary Judgment is replete with statements to that effect. However, one of the two witnesses that the Defendant presents as being primary decision makers in the decision to terminate the Plaintiff, when asked directly, specifically stated that the reason for Plaintiff's termination was not based on performance issues, but because "We were eliminating the position." *Sutton deposition*, p. 61, lns. 20-23. Ms. Sutton also recalled, although she could not remember any specifics, that discussion was had and a decision made during a senior management meeting in January 6, 2004 to eliminate the position of branch manager at the South Knoxville branch and thus eliminate Plaintiff. *Sutton deposition*, pp. 60-61. This is in direct contradiction of the testimony of Scott Gibson, CFO and COO for the defendant,

who stated that he personally made the decision to terminate Plaintiff in December, 2003 *Gibson deposition*, pp. 39,41, and that any discussion at the senior management meeting on January 6, 2004 was for "Informational purposes." *Gibson deposition*, p 56. Mr. Gibson's revelation that he was the sole individual responsible for the decision to terminate the Plaintiff is interesting for another important reason. Defendant's counsel, in the Memorandum in support of the Motion for Summary Judgment, makes argument that the arguably age related comments made by Mr. Gibson ". . .cannot be construed as anything other than an ambiguous, isolated stray remark., **particularly in light of the fact Mr. Gibson was just <u>one</u> of several decision-makers who determined that the Plaintiff's position as Branch Manager should be eliminated several months after the comment was made**. " (emphasis added) Clearly Mr. Gibson has laid waste to this argument!

In both the declarations of Scott Gibson and Tammie Sutton submitted as support for the defendants Motion for Summary Judgment, each declares that the "position" was one of only two within the Defendant's corporate structure in which the position of branch manager was held by someone who didn't also hold another position such as lending officer, Head Teller, or Senior Customer Representative, *Gibson Declaration*, para. 9; *Sutton Declaration*, para. 10, and Ms Sutton further referred to these positions as "Stand alone" branch managers. During depositions, however, it became clear that not only did no other branch manager, at that time, hold the position of Head Teller or Senior Customer Representative, but also, that, not only did Plaintiff function as a teller and a customer service representative, but she also maintained a loan portfolio and was, in fact, a lending officer. *Sutton deposition*, pp., 56-7. The fact that the information regarding the nature of Plaintiff's position contained in the declarations is not, in fact, accurate simply bolsters Plaintiff's argument that she was "singled out" for termination and that the

defendant is now raising the specter of the elimination of her position (i.e., a reduction in force) as a pretext to justify that termination.

Defendant cannot decide whether to argue that the Plaintiff was terminated as a result of the elimination of her position or because of performance issues and as a result the defendant is hoist on its own petard . This somewhat schizophrenic response only strengthens Plaintiff's position that the reasons now being given for her termination are pre-textual and that Diane Pacey's testimony [referenced in the original response] that the decision to terminate the Plaintiff was, in fact made many months prior to December, 2003 and that the "performance issues", like the elimination of the Plaintiff's position, are nothing more than a sham being used to justify an otherwise unjustifiable termination.

The attempt to justify the termination of the Plaintiff by making the statement that the South Knoxville branch was "profitable" for the first time since records on profitability were maintained is simply a red herring and should be seen for what it is by the Court. The defendant's declarants make a bare statement without any description of how these numbers were determined or what factors, such as the general economy, the number or growth of commercial loans, or the Fed rate, for example may have affected the figure to which they refer. Nothing in the declarations of the defendant's witnesses in any way connects the termination of the Plaintiff and the "profitability" of th South Knoxville branch. They simply wish the Court to infer a direct relationship with no factual basis. No consideration should be given to such an argument.

Considering the evidence before the Court in the light most favorable to the Plaintiff, it is clear that, at the very least, the termination of the Plaintiff presents a jury question and as such the Motion for Summary Judgment on the part of the Defendant should be denied.

Respectfully submitted this 1st day of October, 2007.

          s/ Angela Morelock
Angela R. Morelock
GA Bar No. 521979

1410 N. Broadway
Knoxville, TN 37917
(865) 971-4330
Fax: (865) 540-1310

          s/ James H. Varner, Jr
James. H. Varner, Jr.
TN BPR # 9277

P.O. Box 10366
Knoxville, TN 37939
(865) 766-0664

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2007, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

          s/ James H. Varner, Jr.
James H. Varner, Jr.