UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JUDITH B. REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-cv-498 |
| | ) | (VARLAN/SHIRLEY) |
| TENNESSEE STATE BANCSHARES, INC. | ) | |
| and TENNESSEE STATE BANK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is an action brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Plaintiff Judith Reed claims that she was terminated from her employment as a branch manager of Tennessee State Bank because of her age. Currently pending is defendants' motion for summary judgment [Doc. 18]. For the reasons that follow, the motion will be denied.

### I. *Summary Judgment Standards*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is

intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court must construe the evidence in a light most favorable to the opponent of the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." [*Id.*] Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

## II. *Plaintiff's Age Discrimination Claim*

To establish an age discrimination claim under the ADEA, plaintiff bears the burden of proving by a preponderance of the evidence that age was a determining factor in an adverse employment action taken against her. *Roush v. KFC National Management Co.*, 10 F.3d 392, 396 (6th Cir. 1993). Plaintiff may establish discrimination by offering either direct

or circumstantial evidence of age discrimination. *Kline v. TVA*, 128 F.3d 337, 348 (6th Cir. 1997).

To establish a *prima facie* case of age discrimination, a plaintiff must prove: (1) that she was at least 40 years old at the time of the alleged discrimination; (2) that she was subjected to an adverse employment action; (3) that she was otherwise qualified for the position; and (4) that she was replaced by a person outside the protected class. [*Id.* at 349.] In situations where a plaintiff was not replaced, she may make out a *prima facie* case by showing: (1) that she was a member of a protected class; and (2) that for the same or similar conduct she was treated differently than similarly-situated employees outside the protected class. *Davis v. Monsanto Chem. Co.*, 858 F.2d 345 (6th Cir. 1988), *cert. denied*, 490 U.S. 1110 (1989). Once plaintiff has met this burden, the burden shifts to the employer to produce evidence of a legitimate, non-discriminatory reason for the contested employment action. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Once this burden has been met, the plaintiff must demonstrate that the employer's proffered reason is a pretext for unlawful discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). A plaintiff can establish that an employer's stated reason for an employment decision is actually a pretext for discrimination by showing "that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000).

Plaintiff has submitted the deposition testimony of Diane Pacey, Tennessee State Bank's Human Resources Officer at the time of plaintiff's termination [Doc. 27-5]. Ms. Pacey's deposition suggests that defendants' proffered reasons for terminating the plaintiff may have been a pretext for unlawful discrimination. Ms. Pacey testified that she was informed in the summer of 2003 that Ms. Reed and another branch manager in the protected class, Rose Underwood, were to be terminated. Ms. Pacey cautioned Mr. Gibson and Mr. Proffitt, the upper management officials, that because of the age of these two employees they should seek the advice of counsel before proceeding. Gibson and Proffitt directed Pacey to seek that counsel, which she did. She testified that the advice given by counsel was to set performance goals for the two employees. In the case of the plaintiff, she was to make a certain number of calls outside of the bank each week. Plaintiff's testimony is that this performance objective was impossible for her to perform because it would leave the branch many times without the personnel needed to properly function. In essence, plaintiff contends that guidelines were set for her which were impossible to perform.

Ms. Pacey further testified that prior to plaintiff arriving at her termination hearing, Mr. Gibson asked her, "So what reason should we give for firing them," referring to plaintiff and Ms. Underwood. That Mr. Gibson was unable to state the reason for plaintiff's termination is further evidence that the reason given may have been pretextual.

Ms. Pacey further testified that she observed a pattern of termination of older bank employees which began at about the time that Mr. Proffitt and Mr. Gibson were promoted to their current positions in approximately 2002. She further testified that Mr. Gibson,

4

shortly after assuming the Operations position that he currently holds, told her to "focus on hiring young, attractive individuals with special emphasis on bubbly personalities."  Pacey Deposition at 15.  Although this directive was applied only to front-line employees, such as tellers, it is nevertheless relevant to the state of mind of the decision makers.

The Court finds that plaintiff has made out a *prima facie* case of age discrimination and submitted proof from which a reasonable jury could conclude that defendants' proffered reason for terminating the plaintiff's position was a pretext for unlawful discrimination.

### III.  *Conclusion*

In light of the foregoing, defendants' motion for summary judgment [Doc. 18] will be denied.

Order accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE