UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JUDITH B. REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CV-498 |
| ) | (VARLAN/SHIRLEY) |
| TENNESSEE STATE BANCSHARES, ) | |
| and TENNESSEE STATE BANK, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**A.   Background**

This case was before the Court on October 19, 2007 for a Final Pretrial Conference. The Court heard oral arguments regarding several pending motions in limine, including Defendants' Second Motion in Limine – "Me Too" Evidence [Doc. 57]. In that motion, defendants seek to exclude testimony of Rose Underwood regarding her termination on the basis that it is irrelevant and would be unfairly prejudicial and confusing to the jury in the trial of Judith Reed's age discrimination case. Plaintiff responds [Doc. 71] that testimony regarding Ms. Underwood's termination is highly relevant to the issue of whether Ms. Reed was fired based on her age because of the similarity of the two terminations. Ms. Underwood also has an age discrimination case pending against the same defendants [case number 3:05-CV-497], which is set for trial before the Honorable Thomas W. Phillips on February 25, 2008.

At the conclusion of the hearing, the Court requested additional briefing by the parties on several issues relating to defendants' pending motions, including defendants' "Me Too" motion in limine. Also, the Court directed the parties to address the issue of consolidation of the Reed and Underwood cases in light of the issues raised by defendants' second motion in limine, and the parties have done so in their post-hearing filings [Docs. 68, 70].

Plaintiff, Ms. Reed, does not object to consolidation and additionally notes that Ms. Underwood does not oppose consolidation. Plaintiff states that consolidation is logical based upon the factual similarity of the cases and the time that consolidation will save. Defendants disagree and argue that the cases are not so similar as to warrant consolidation. However, while defendants maintain that Ms. Underwood's testimony is not relevant to Ms. Reed's case, defendants state that, should Ms. Underwood's testimony be admitted in Ms. Reed's case, they do not wish to try each case individually as they will have to defend both terminations in both cases.

The Court has carefully considered the parties' filings and attached exhibits, oral arguments made at the Final Pretrial Conference, the relevant law, and the Complaint and Answer in Ms. Underwood's case [case number 3:05-CV-497, Docs. 1 & 5]. For the reasons discussed herein, the Court concludes that defendants' second motion in limine should be denied, and, correspondingly, the Court recommends that the Chief District Judge consolidate the Reed and Underwood cases as they involve common questions of law and fact.

**B.     Analysis**

Federal Rule of Civil Procedure 42 provides that the court may consolidate multiple cases which involve common questions of law or fact for the purposes of avoiding unnecessary costs or delay. Fed. R. Civ. P. 42(a). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial judge." *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). It is appropriate for the court to consolidate cases when the common factual issues predominate over the individual issues. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004). Factors the court should consider when making a decision regarding consolidation are:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Consolidation is "a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *see also Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (noting that a district court should consider equity and judicial economy); *Miller v. United States Postal Serv.*, 729 F.2d

1033, 1036 (5th Cir. 1984) (noting that cases should be consolidated when it would eliminate unnecessary repetition).

Defendants' second motion in limine requires the Court to consider whether Ms. Underwood's termination was "logically and reasonably" similar to Ms. Reed's termination. *See Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 155-56 (6th Cir. 1988). Logically related to such consideration is an examination of the common questions of law and fact between the cases filed by these two individuals. As background, Ms. Reed and Ms. Underwood each filed a case alleging that their position as bank branch manager was terminated by Tennessee State Bank based on their age in violation of Title VII of the Civil Rights Act of 1967 (ADEA), 29 U.S.C. § 621-634. The complaints filed in each case, all allegations against the defendants, and the employment discrimination complaint questionnaires filed with the Tennessee Human Rights Commission are virtually identical for each plaintiff. [Doc. 1, Ex. A in 3:05-CV-497; Doc. 1, Ex. A in 3:05-CV-498.]

Both Ms. Reed and Ms. Underwood are over 40 years old and were replaced by younger employees. Both plaintiffs had worked for Tennessee State Bank for several years and received good performance evaluations until Scott Gibson, CFO/COO of Tennessee State Bank, changed both plaintiffs' 2002 performance evaluations after they were prepared by the normal reviewer, a practice he admits he had never done before. In the summer of 2003, Mr. Gibson told Diane Pacey, Human Resources Director of Tennessee State Bank, that he intended to terminate both plaintiffs. Ms. Pacey suggested that Mr. Gibson proceed with caution as neither plaintiff had adverse information in her personnel file that would

support termination. Prior to termination, both plaintiffs were given the same goal of making five outside sales calls per week. Both plaintiffs were ultimately fired on the same day on the grounds that management was being restructured at their branches, though the same restructuring was not done at other branches.

Defendants argue that the cases are not as similar as plaintiff suggests. Defendants assert that there were different facts underlying each plaintiff's discharge, notably that they managed different branches and therefore had different performance numbers. Additionally, defendants note that each plaintiff gave a different excuse for not completing the goal of making five outside sales calls each week. (Defs.' Additional Submission Concerning Defs.' Second Motion in Limine [Doc. 68].) The Court does not find these differences significant enough to preclude the testimony of Ms. Underwood as set forth in defendants' second motion in limine.

Furthermore, as to consolidation, the parties have recognized that consolidation of the Rose and Underwood cases would avoid unnecessary costs and delay. Many of the same witnesses and evidence would be presented in each case if the cases were tried separately. In fact, by agreement of the parties, discovery in Ms. Reed's and Ms. Underwood's cases was at least partially consolidated for the purpose of judicial economy. (*See* Notice of Rule 26(f) Planning Meeting [Doc. 12].)[1] Plaintiff estimates that trial of each case individually would take three days while trial of both cases together would take four days total. (Pl.'s

---

[1] The Court also notes that Ms. Reed and Ms. Underwood are represented by the same counsel, as are the defendants in both cases.

Supplemental Resp. to Motion in Limine #2 [Doc. 70] at 8.) Consolidation would reduce the time and expense of trial and will avoid defendants' concern that they would have to "try both lawsuits two times." (*See* Defs.' Additional Submission Concerning Defs.' Second Motion in Limine [Doc. 68] at 7.) Consolidation would undoubtedly save time and expenses for all parties, witnesses, and the Court.

**C.     Conclusion**

For the foregoing reasons, Defendants' Second Motion in Limine – "Me Too" Evidence [Doc. 57] is hereby **DENIED**. In light of the similarities and the advantages to judicial economy, the Court recommends that the Chief District Judge consolidate case number 3:05-CV-498 and 3:05-CV-497 as they involve common questions of law and fact, with case number 3:05-CV-497 as the lead case pursuant to E.D. TN. LR 3.2(d)(3)(B). All other motions filed in case number 3:05-CV-498 and not ruled upon by the Court are **DENIED AS MOOT** pending consolidation and are subject to refiling in the consolidated case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE